UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JOSE I. LUCIO,

    Plaintiff,

    v.                              CAUSE NO. 1:23-CV-303-PPS-APR

GALPERIN, et al.,

    Defendants.

OPINION AND ORDER

Jose I. Lucio, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lucio is a pre-trial detainee at the Allen County Jail. He alleges that he suffers from a medical condition that was being monitored every three months prior to his incarceration: an aortic aneurism[1] that is growing in diameter. In December 2022, it

---

[1] Lucio describes his condition as his aorta getting bigger in diameter. "An aortic aneurysm is a bulge that occurs in the wall of the body's main artery, called the aorta."
https://www.mayoclinic.org/diseases-conditions/aortic-aneurysm/symptoms-causes/syc-20369472
(last visited July 19, 2023).

measured 3.8 centimeters. On February 16, 2023, he notified medical staff at the jail of his condition and the need for testing, including regular CT scans. On March 19, 2023, he wrote another request indicating he had chest pain and tightness. He was seen by Dr. Galperin several days later. Dr. Galperin ordered some tests. On April 7, 2023, those tests were performed. On April 28, 2023, nursing staff indicated that they had not yet received the results. On May 8, 2023, Dr. Galperin met with Lucio and told him that the diameter of his aorta had grown to 4.3 centimeters, and he was going to refer Lucio to a specialist because when it gets near 5 cm, surgery would be needed.

On May 22, 2023, and May 30, 2023, and June 7, 2023, Lucio wrote requests asking if he would still see a specialist. Lucio saw a surgeon on June 15, 2023. The doctor ordered some tests to determine if surgery was needed urgently or if it could wait a month or two. Lucio says the tests were to be expedited because of the nature of his condition. On June 26, 2023, June 29, 2023, and July 10, 2023, Lucio wrote requests directed to Dr. Galperin about the tests. On July 11, 2023, he filed a grievance complaining that the testing the specialist ordered to be completed urgently had not yet been done. Lucio filed his complaint one week later, and at that point the tests had not yet been performed. Lucio seeks both monetary damages and a preliminary injunction.

Because Lucio is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of

the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

      Both inmates and non-inmates are frequently required to wait longer than they would like for medical care, even urgent medical care. Many of the delays Lucio describes seem typical; obtaining appointments with specialists and scheduling medical testing takes time. However, if the specialists ordered that testing be done urgently and Dr. Galperin knew this but failed to take steps to ensure these tests were done, that may have been objectively unreasonable. Giving Lucio the benefit of the inferences to which he is entitled at this stage of the case, he has stated a claim against Dr. Galperin in his individual capacity. Additionally, I will permit Lucio to proceed against Allen County Sheriff Troy Hershberger in his official capacity for injunctive relief, because he has the authority to ensure that Lucio receives necessary medical care for his condition. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

For these reasons, the court:

(1) GRANTS Jose I. Lucio leave to proceed against the Allen County Sheriff Troy Hershberger in his official capacity for injunctive relief to receive constitutionally adequate medical care for his aortic aneurism, as required by the Fourteenth Amendment;

(2) GRANTS Jose I. Lucio leave to proceed against Dr. Galperin in his individual capacity for compensatory and punitive damages for acting in an objectively unreasonable manner in response to Lucio's need for urgent testing related to his aortic aneurism, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Allen County Sheriff Troy Hershberger at the Allen County Sheriff's Department with a copy of this order and the complaint (ECF 1);

(5) DIRECTS the clerk to fax or email a copy of the same documents to Allen County Sheriff Troy Hershberger at the Allen County Sheriff's Department;

(6) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of delivery;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Galperin at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1);

(8) ORDERS Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of Dr. Galperin, if he does not waive service and it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Allen County Sheriff Troy Hershberger and Dr. Galperin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(10) **ORDERS Allen County Sheriff Troy Hershberger to file and serve a response explaining how he is providing Jose I. Lucio with constitutionally adequate treatment for his aortic aneurism as soon as possible but not later than <u>August 2, 2023</u> (with supporting medical documentation and declarations from other staff as necessary);**

(11) GRANTS Jose I. Lucio fourteen days to reply to the Allen County Sheriff's response to his request for a preliminary injunction.

SO ORDERED.

ENTERED: July 19, 2023.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5